IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


GARY G. HAMPTON, JR.,

       Plaintiff,

    v.

ALKIRE, et al.,

       Defendants.

No.  2:22-CV-1418-DJC-DMC-P

ORDER


       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's amended complaint, ECF No. 60.

       Plaintiff initiated this action with a pro se complaint naming the following as defendants: (1) Alkire; (2) Carillo; (3) Spearman; and (4) Sylva.  See ECF No. 1.  Plaintiff presented two claims for relief.  See id.  Defendants responded to the complaint by way of a motion to dismiss arguing that Plaintiff's first claim for relief should be dismissed for failure to allege a physical injury as required under 42 U.S.C. § 1997e(e) and that Plaintiff's second claim is misjoined and should be severed.  See ECF No. 21.  The motion was ultimately granted by the District Judge.  See ECF No. 41.  As a result of the District Judge's order, this action proceeds on Plaintiff's first claim against Defendants Alkire, Spearman, and Sylva and a separate action was opened as to Plaintiff's second claim against Defendants Carillo and Spearman.  See id. (second action opened as Hampton v. Carillo, et al., E. Dist. Cal. Case No. 2:24-cv-2504-DJC-DMC-P).

1

Plaintiff's claims against Defendants Alkire, Spearman, and Sylva, as presented in Plaintiff's first claim as to which this action proceeds, were dismissed with leave to amend. See ECF No. 41.

After having been granted several extensions of time, Plaintiff filed what he styles as a second amended complaint. See ECF No. 60. In this pleading, Plaintiff names the following as Defendants: (1) Alkire; (2) Sylva; (3) Spearman; (4) Hicks; and (5) Houston. See id. Hicks and Houston are named as defendants for the first time in this amended pleading.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).

Where a party files an amended complaint without the right to do so, it is properly stricken by the Court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint).

Here, Plaintiff's amended complaint naming new defendants cannot be considered filed as of right under Rule 15 because it was submitted more than 30 days after Defendants moved to dismiss Plaintiff's original complaint. Further, because Plaintiff failed to obtain either a stipulation or leave of court to file an amended pleading naming additional parties, the amended complaint is properly stricken. The Court will provide Plaintiff an opportunity to file a first amended complaint as to his original claims against Defendants Alkire, Sylva, and Spearman only.

Accordingly, IT IS HEREBY ORDERED as follows:

1.     Plaintiff's amended complaint at ECF No. 60 is stricken.

2.     Within 30 days of the date of this order, Plaintiff shall file a first amended complaint as to his original claims against Defendants Akire, Sylva, and Spearman only (Claim I in the original complaint).

Dated:  February 3, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE